UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN BURNS | ) | CASE NO. |
| c/o Hux Law Firm, LLC | ) | |
| 3 Severance Circle #18147 | ) | JUDGE: |
| Cleveland Heights, OH 44118 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES AND** |
| | ) | **INJUNCTIVE RELIEF** |
| OWENS CORNING | ) | |
| c/o Corporation Service Company | ) | **JURY DEMAND ENDORSED HEREIN** |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| Defendant. | | |

Plaintiff, Shawn D Burns, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES**

1.  Plaintiff Burns is a resident of the City of Cuyahoga Falls in Summit County, Ohio.

2.  Defendant Owens Corning ("Owens") foreign corporation conducting business at 170 South Ave., Tallmadge, OH.

**JURISDICTION AND VENUE**

3.  Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Burns is alleging a federal law claim arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et al.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et al*. ("Title VII").

4.    Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendant operates and conducts business.

5.    Prior to instituting this action, Burns filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01799, alleging that Defendant and its agents had harassed and subjected him to disparate treatment because of his age and race.

6.    Burns was mailed his Right to Sue Notice from the EEOC on or about August 27, 2020.

7.    A true and accurate copy of Burns' Right to Sue Notice is attached as Exhibit 1.

8.    Burns has properly exhausted his administrative remedies pursuant to 29 U.S.C. § 626(e).

9.    This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.


**FACTS**

11.   Burns is a former employee of Owens.

12.   Burns worked as a machine operator at Owens.

13.   On or about February 6, 2020, Burns started working at Owens as a machine operator after being placed there as a temporary worker.

14.   In or around early March 2020, Burns attempted to obtain a permanent position with Owens.

2

15. Owens rejected Burns' attempt to obtain a permanent position.

16. Owens offered three of Burns' co-workers that started as temporary workers around the same time as Burns permanent positions.

17. The temporary employees Owens offered permanent were all under the age of 40.

18. Burns was 58 years old at the time he was denied permanent employment with Owens.

19. Owens denied Burns a permanent employment position because of his age.

20. Burns continued to work for Owens after he was denied permanent employment.

21. On or about March 17, 2020, Burns' supervisor, Mike (last name unknown), sent a worker home because he had symptoms of COVID-19.

22. Burns inquired about the possibility of COVID-19 exposure at work.

23. Mike (last name unknown) told Burns that there was nothing to worry about because the worker just had a cold.

24. On or about March 18, 2020, Burns spoke to another supervisor that informed him that the worker sent home March 17, 2020 would not return until he had a negative COVID-19 test.

25. On or about March 19, 2020, Burns again inquired about the possibility of COVID-19 exposure.

26. Mike (last name unknown) responded by calling Burns "Mr. Corona".

27. Burns co-workers started to call him "Mr. Corona" after this incident as a joke.

28. Burns voiced his objection to be calling "Mr. Corona" numerous times.

29. On or about March 19, 2020, Burns received a voicemail from someone in Owens human resources department telling him to stop asking about COVID-19.

30. On or about March 20, 2020, a supervisor sprayed Burns with a bottle of disinfectant.

31. The supervisor shouted "Coronavirus" while he sprayed Burns with the disinfectant.

3

32. Soon after Burns was sprayed with disinfectant, Mike (last name unknown) told Burns that "only you guys are getting it, not the white guys".

33. Mike (last name unknown) was referring to African Americans when referring to "you guys".

34. Burns is African American.

35. Mike (last name unknown) is white.

36. In or around late March or early April 2020, Owens distributed a letter to employees that they could present to show that they were essential employees and exempt from Ohio's stay-at-home order if they were pulled over by police ("Essential Letter")

37. Burns was not given Essential Letter.

38. When Burns asked why he was not given Essential Letter, Mike (last name unknown) gave Burns an Essential Letter that did not have Burns' name on it.

39. Everyone else who received Essential Letter had the correct information on it.

40. Burns was not given a correct Essential Letter because of his prior inquiries into COVID-19 exposure and his race.

41. On or about April 10, 2020, Burns showed up for his next scheduled shift at work.

42. Mike (last name unknown) yelled at Burns because of the way he parked.

43. Mike (last name unknown) terminated Burns that day.

44. Burns was told that the reason for termination was his poor attitude and poor work performance.

45. Burns' reason for termination was pretextual.

46. Burns' termination was based on his age, over 40, his race, African American, and his repeated voiced concerns over COVID-19 exposure.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

47. Burns restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. Defendant was an employer as defined by Title VII.

49. Burns is African American, and a member of a protected class recognized under Title VII.

50. Defendant and it's agents treated Burns different because of his race.

51. In particularly, Mike (last name unknown) treated Burns' concerns about COVID-19 differently because of his race.

52. Mike (last name unknown) informed Burns that only African Americans are contracting COVID-19 which is not true.

53. Mike (last name unknown) would not have made this statement but for Burns' race.

54. Defendant decided to terminate Burns as opposed to investigating into his legitimate concerns about COVID-19 exposure because of his race.

55. Throughout his employment, Burns was fully competent to perform his essential job duties.

56. As a direct and proximate cause of Defendant's wrongful conduct, Burns has suffered and will continue to suffer damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF ADEA

57. Burns restates each and every prior paragraph of this complaint, as if it were fully restated herein.

58. Burns is over 40 years old.

59. At all times relevant, Burns was a member of a statutorily protected class under Title VII.

60. Defendant treated Burns differently from other similarly situated employees based on his age.

5

61. In particular, Defendant refused to offer Burns permanent employment with Owens, even though it offered Burns' younger comparators full-time employment.

62. Defendant violated Age Discrimination in Employment Act (ADEA) by discriminating against Burns based on his age.

63. As a direct and proximate cause of Defendant's conduct, Burns suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Burns demands from Defendant the following:

(a) Issue a permanent injunction:

  (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

  (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

  (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

  (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Burns to one of the positions to which she/he was entitled by virtue of his/her application and qualifications, and expunge his personnel file of all negative documentation;

6

(c) An award against each Defendant of compensatory and monetary damages to compensate Burns for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys fees and non-taxable costs for Burns claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

James J. Hux (0092992)
**HUX LAW FIRM, LLC**
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney For Plaintiff Burns*

## <u>JURY DEMAND</u>

Plaintiff Shawn Burns demands a trial by jury by the maximum number of jurors permitted.

_____

James J. Hux (0092992)